**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LISA WINIECKI, on behalf of plaintiff and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC and ECAST SETTLEMENT CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Lisa Winiecki brings this action to secure redress from unlawful credit and collection Practices Engaged in by defendants Creditors Interchange Receivable Management, LLC ("CIRM") and Ecast Settlement Corporation ("Ecast"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does or transacts business within this District.

**PARTIES**

4. Plaintiff Lisa Winiecki is an individual who resides in the Northern District of Illinois.

5. Defendant CIRM is a limited liability company organized under Delaware law with

offices at 80 Holtz Drive, Cheektowaga, NY 14225. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

6. CIRM is engaged in the business of using the mails and telephone to collect defaulted consumer debts originally owed to others.

7. CIRM is a debt collector as defined in the FDCPA.

8. CIRM states on its web site:

> Creditors Interchange is a national, full service provider of receivable management services. We perform collection services at every stage of delinquency or charge-off, for every type of account.
>
> Creditors Interchange is recognized as one of the leading providers of receivable management services to some of the nation's most renowned credit card issuers, debt purchasers, banks, auto lenders, and universities offering third party collection services for primary, secondary and tertiary accounts.

(https://www.creditorsinterchange.com/Services.aspx)

9. Defendant Ecast is a Delaware corporation that does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

10. Defendant Ecast is engaged in the business of using the mails and telephone to collect defaulted consumer debts originally owed to others.

11. Ecast specializes in purchasing or acquiring the right to collect bankruptcy debt. The Structure and Practices of the Debt Buying Industry (FTC, Jan. 2013), pp. 8-9 and n. 37, available at http://ftc.gov/os/2013/01/debtbuyingreport.pdf. It is one of the 10 largest debt buyers in the United States. (Id., p. 7)

12. In many cases, Ecast will purchase or acquire the right to collect more than one debt owed by the debtor.

13. Ecast is a debt collector as defined in the FDCPA.

## FACTS

14. Defendants have been attempting to collect from plaintiff several alleged credit card debts incurred, if at all, for personal, family or household purposes.

15. Plaintiff had filed an unsuccessful Chapter 13. On information and belief, that is why Ecast became involved with her debts.

16. On or about May 11, 2012, defendant CIRM, acting on behalf of defendant Ecast, sent plaintiff the letter attached as <u>Exhibit A</u>.

17. <u>Exhibit A</u> is confusing, internally inconsistent, and misleading to the unsophisticated consumer with respect to (1) who the current creditor or owner of the debt is and (2) what the settlement offer being made is, in that:

    a. The top of the letter refers to "Your account with our client ECAST SETTLEMENT CORPORATION and various others."

    b. Immediately below is the statement "For/ Original Creditor: BAC."

    c. The text of the letter begins by referring to a settlement offer on "the above described debt and any further obligations on this account only."

    d. The bottom of the letter lists three different accounts in favor of Citibank, BAC, and Citibank totaling $18,745.10.

    e. The second paragraph of the letter offers to accept $5,623.53, which it describes as a 70% discount. It is a 70% discount if it includes the three accounts listed at the bottom, but not if it includes only "the above described debt and any further obligations on this account only."

    f. The second paragraph states that "Your creditor may provide you with the necessary 1099C form . . . ."

### COUNT I – FDCPA

18. Plaintiff incorporates paragraphs 1-17.

19. Defendants violated 15 U.S.C. §1692e, by sending a confusing and misleading collection letter.

3

20. Section 1692e provides:

**§ 1692e. False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

## CLASS ALLEGATIONS

21. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

22. The class consists of (a) all persons with addresses in Illinois, Indiana and Wisconsin (b) to whom CIRM sent a letter in the form represented by Exhibit A (c) on behalf of Ecast (d) referring to more than one debt (d) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

23. The class is so numerous that joinder of all members is not practicable. On information and belief, there are over 100 members of the class.

24. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A is misleading or confusing.

25. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and collection abuse litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

26. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. There is no reason for more than 100 separate actions, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    (1)  Statutory damages;

    (2)  Attorney's fees, litigation expenses and costs of suit;

    (3)  Such other and further relief as the Court deems proper.


        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)