UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------------------- x
                                                  :

LISA WINIECKI, on behalf of plaintiff and a class,
                                                  :

                               Plaintiff,                Civil Action
                                                  :       No. 1:13-cv-03461

         vs.

                                                  :       Chief Judge Ruben Castillo
CREDITORS INTERCHANGE RECEIVABLE            Magistrate Sidney I. Schenkier
MANAGEMENT, LLC and ECAST SETTLEMENT   :
CORPORATION,
                                                  :

                               Defendants.
                                                  :
---------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ECAST SETTLEMENT CORPORATION'S MOTION TO DISMISS THE COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant eCAST Settlement Corporation ("eCAST," and collectively with Creditors Interchange Receivable Management, LLC ("Creditors"), the "Defendants") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's Complaint ("Complaint").[1]

## STANDARD OF REVIEW

The court must dismiss a complaint that, even if the facts alleged are "accepted as true," fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To

---

[1] eCAST has complied with the Court's rule that it serve Plaintiff with a letter summarizing the grounds for this motion and make a sincere effort to resolve the issues relating to this motion.

survive a motion to dismiss, the complaint's allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels or conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## FACTS ALLEGED IN THE COMPLAINT

The allegations as set forth in the Complaint that are germane to this motion are as follows:

eCAST purchases and collects consumer debts originally owed to others. Compl. ¶ 10. eCAST contracted with Creditors to attempt to collect by mail and by telephone consumer debts that eCAST had purchased. Compl. ¶¶ 6, 16. On or about May 11, 2012, Creditors sent Plaintiff the letter attached as Exhibit A to the Complaint. Compl. Ex. A.[2] The tearoff portion at the top of the letter stated:

> RE: Your account with our client ECAST SETTLEMENT
> CORPORATION and various others
>
> For/Original Creditor: BAC
> Account Number: ************5154
> Current Balance: $18745.10

---

[2] In considering a motion to dismiss, the court is limited to the allegations in the pleadings, though the Court "may consider documents attached to or referenced in the pleading if they are central to the claim." *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012).

The "Current Balance" of $18,475.10 matched the "TOTAL" amount of $18,745.10 printed at the bottom of the letter. *Id.*

The text of the letter informed Plaintiff: "We are offering you a settlement of your total current balance. Upon clearance of the payment below, you will be released from the above described debt and any further obligations on this account only." Compl. Ex. A. The next paragraph stated: "We will accept a payment of $5,623.53 as a full settlement, which is a 70% discount." *Id.* $5,623.53 is 30% of $18,745.10, the "Current Balance" printed on the top of the letter and the "TOTAL" given at the bottom of the letter—that is to say, a 70% discount. The letter also contained in the signature line the name and phone number of the person at Creditors who sent the letter. *Id.*

The bottom of the letter itemized the $18,745.10 "TOTAL" as comprised of three accounts: two Citibank accounts and one Bank of America ("BAC") account. Compl. Ex. A. The balance amounts for the three accounts were itemized as $13,293.21, $2,056.19, and $3,395.70, totaling the $18,745.10 sum given in the "TOTAL" line. *Id.* The table is reproduced below.

| CREDITOR/ACCOUNT NUMBER | AMOUNT | INTEREST | FEES | TOTAL |
|---|---|---|---|---|
| CITIBANK ************2961 | 13293.21 | 0.00 | 0.00 | 13293.21 |
| BAC ************5154 | 2056.19 | 0.00 | 0.00 | 2056.19 |
| CITIBANK ************9527 | 3395.70 | 0.00 | 0.00 | 3395.70 |
| TOTAL | 18745.10 | 0.00 | 0.00 | 18745.10 |

**ARGUMENT**

I.   **PLAINTIFF FAILS TO PLEAD A CLAIM UNDER 15 U.S.C. § 1692e.**

Plaintiff's Complaint claims confusion about a collection letter that is clear on its face, and it alleges no material misrepresentation. Plaintiff's allegations reflect an idiosyncratic reading of the letter insufficient to state a claim upon which relief may be granted.

   A.   **To Be Actionable, a Collection Letter Must Mislead a Reasonable Unsophisticated Consumer.**

Plaintiff's claim against eCAST rests exclusively on Section 1692e of the Fair Debt Collection Practices Act ("FDCPA"), which prohibits a "debt collector" from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e).[3] The Court must view the letter sent to Plaintiff through the eyes of the "unsophisticated consumer," a standard which "admits an objective element of reasonableness." *Gammon v. GC Servs. Ltd. P'ship*, 27 F. 3d 1254, 1257 (7th Cir. 1994); *see also Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (noting the Seventh Circuit's application of the "unsophisticated consumer" standard). The Seventh Circuit has rejected the "least sophisticated consumer" standard used by other circuits. *Chuway v. Nat'l Action Fin'l Servs.*, 362 F.3d 944, 949 (7th Cir. 2004). A false, misleading, or deceptive collection effort must be confusing to "a significant

---

[3]   eCAST disputes that it is a debt collector as defined in the FDCPA, 15 U.S.C. § 1692(a)(6), but acknowledges that this is a factual question not before the Court on this motion to dismiss. eCAST does not concede debt collector status under the FDCPA and expressly reserves the right to raise the argument as appropriate.

4

fraction of the population." *Lox*, 689 F.3d at 822 (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).

While "uninformed, naïve, and trusting," the reasonable "unsophisticated consumer" is "not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences." *Lox*, 689 F.3d at 822 (citing *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645 (7th Cir. 2009)). Under the reasonable unsophisticated consumer standard, courts will "disregard unrealistic, peculiar, bizarre, and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs. Inc.*, 406 F.3d 410, 414 (7th Cir. 2005); *see also McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir. 2006) ("[A]s a matter of law, we shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." (citing *Durkin*, 406 F.3d at 414, and *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000))).

### B. The Collection Letter Sent to Plaintiff Is Clear on Its Face.

Plaintiff alleges that the collection letter she received violates Section 1692e because it is confusing with regard to "(1) who the current creditor or owner of the debt is and (2) what the settlement offer being made is." Compl. ¶ 17. Although whether a reasonable unsophisticated consumer would perceive a collection letter as deceptive or unfair is often a question of fact, *see Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012), "a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it,'" *id.* (quoting *Taylor*,

5

365 F.3d at 574); *see also McRill v. Nationwide Credit, Inc.*, No. 12-2175, 2012 WL 6727974, at *3 (C.D. Ill. Dec. 6, 2012) (quoting *Zemeckis*). "[W]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 754 (7th Cir. 2002).

Contrary to Plaintiff's allegations, both the current owner of the debt and the nature of the settlement offer are clear from the letter. With regard to Plaintiff's allegation about the current creditor, the Seventh Circuit has noted, "[w]hile it's true that upon cursory review this or any other collection letter could be misread . . . , even an unsophisticated debtor reads collection letters carefully so as to be sure of their content." *Pettit*, 211 F.3d at 1061 (determining a reasonable unsophisticated consumer would not mistakenly believe the term "Creditors Bureau" in the defendant's name meant "credit bureau" or "a credit reporting agency"). The tearoff top portion of the letter sent to Plaintiff states that it was sent "RE: Your account with our client ECAST SETTLEMENT CORPORATION and various others," and below this is the statement, "For/Original Creditor: BAC." By its plain terms, the phrase "Your account with our client ECAST" identifies eCAST as the current debt owner. Similarly, the phrase "original creditor" describing BAC facially identifies only the "original" debt owner, not the current debt owner.

Plaintiff also alleges that it is unclear what account the settlement offer would settle. Compl. ¶ 17. She characterizes the letter as listing "three different accounts in favor of Citibank, BAC, and Citibank" on the bottom of the letter, then alleges that the offer in the letter to accept $5,623.53, described therein as a "70% discount," is not a

6

70% discount if it includes only "the above described debt and any further obligations on this account only." Compl. ¶ 17(a), (e). However, the reasonable unsophisticated consumer "is not a dimwit." *Lox*, 689 F.3d at 822. Simple arithmetic and "rudimentary knowledge of the financial world" show that the collection letter offers to settle the total sum of $18,745.10. *Id.* The $5,623.53 settlement offer is a 70% discount on $18,745.10, the sum total of all three enumerated accounts. The tearoff that Plaintiff would return with her payment lists the "Current Balance" as "$18,475.10" and includes no other amount, and this amount is the same as the Total of "18,475.10" printed at the bottom of the letter. A reasonable unsophisticated consumer would not be confused that the settlement offer settles the sum of $18,745.10. *See Barnes v. Advanced Call Ctr. Techs.*, 493 F.3d 838, 841 (7th Cir. 2007) (finding tearoff section of letter that Plaintiffs were directed to return with their payments made the amount of the debt clear, absent "particularly ambiguous language in the rest of the letter"); *Olson v. Risk Mgmt. Alts.*, 366 F.3d 509, 513 (7th Cir. 2004) (rejecting FDCPA claim that collection letter listing different numbers for "Balance" and amount "Now due" was confusing as to amount of current debt, as "Balance" was printed prominently at top of letter and a reasonable unsophisticated consumer would understand that "Balance" was the amount of current debt).[4]

---

[4] Although the plaintiffs in *Barnes* and *Olson* alleged violations of Section 1692g, not Section 1692e, these subsections do not differ for purposes of Rule 12(b)(6) analysis. "Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e)" is "similar to whether a letter is confusing in violation of § 1692g. . . . [T]he inquiry under §§ 1692e, 1692g and 1692f is basically the same." *McMillan*, 455 F.3d at 759.

Indeed, any alleged confusion over the accounts or amount being settled is wholly undermined by the itemization of accounts at the bottom of the letter, which breaks down all the components of Plaintiff's debt. The case law is clear that the reasonable unsophisticated consumer would not be misled or confused by a collection letter that itemizes the elements of a debt. *See, e.g.*, *Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 598-99 (7th Cir. 2004) (holding letter segregating attorney's fees from the underlying debt in list of itemized expenses did not violate § 1692e); *Porter v. Law Office of Charles G. McCarthy, Jr. & Assocs.*, No. 09-1370, 2011 WL 3320331, at *4 (C.D. Ill. Aug. 2, 2011) (finding collection letters properly itemized the elements of the total debt claims, and so "[e]ven an unsophisticated consumer would not be misled or confused about the amount of debt under such circumstances"); *Campbell v. Hall*, 624 F. Supp. 2d 991, 1007 (N.D. Ind. 2009) (determining debt collection letter providing breakdown of amounts collected was "sufficiently clear. . . . [and] would not tend to confuse an unsophisticated consumer or debtor"); *cf. Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004) ("One simple way to comply with § 1692e . . . would be to itemize the various charges that comprise the total amount of the debt."); *Smith v. Am. Revenue Corp.*, No. 2:04-CV-00199-PRC, 2005 WL 1162906, at *5-6 (N.D. Ind. May 16, 2005) (explaining while letter aggregating 14 accounts into one lump sum was unclear, "one way to avoid liability under 1692e is for debt collectors to itemize the collection statements").

In *Wahl*, the Seventh Circuit found a collection letter that "identified the total amount it sought and then explained how it arrived at that sum" would not confuse a reasonable consumer, "unsophisticated though she may be." 556 F.3d at 646. Similarly, the letter to Plaintiff identified the total amount sought and explained how Creditors

8

arrived at that sum. The reasonable unsophisticated consumer would not be misled by the letter.

### C. Plaintiff's Allegations Reflect an Idiosyncratic Reading of the Collection Letter Insufficient to State a Claim.

Plaintiff alleges that the statement "For/Original Creditor: BAC" at the top of the letter is confusing. Compl. ¶ 17(b). Plaintiff fails to explain what is confusing about this statement, but presumably she believes it identifies BAC as the current owner of the debt. She states that the $5,623.53 the letter offers to accept at a "70% discount" is not 30% of the "above-described debt," Compl. ¶ 17(e), *i.e.* the BAC account. Rather, $5,623.53 is 30% of $18,745.10, the aggregate amount of the accounts on the bottom of the letter.

For the reasonable unsophisticated consumer to believe that paying $5,623.53 would only discharge the BAC debt of $2,056.19 rather than the total "Current Balance" on the tearoff portion (*i.e.*, $18,745.10), however, would require a peculiar reading of the letter. The reasonable unsophisticated debtor "may tend to read collection letters literally," but "does not interpret them in a bizarre or idiosyncratic fashion." *Pettit*, 211 F.3d at 1060. Plaintiff's alleged confusion would result only from interpreting the letter to state that a payment of $5,623.53 would be required to settle a debt of just $2,056.19, an amount less than half of the amount that the letter is asking Plaintiff to pay. The reasonable unsophisticated consumer is "not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences," *Lox*, 689 F.3d at 822 (citing *Wahl*, 556 F.3d at 645), and would not believe that in order

9

to pay off a debt that has accumulated no interest or fees,[5] she would need to pay an amount over twice the amount owed.

A reading of the letter that interprets the $18,745.10 as owed solely to the BAC account would also stretch the imagination. The reasonable "unsophisticated consumer knows [her] account history" and would recognize an error if one existed, *Harrer v. RJM Acquisitions, LLC*, No. 10-cv-7922, 2012 WL 162281, at *4 (N.D. Ill. Jan. 19, 2012), especially an error that made it appear she owed nine times more on an account. The reasonable unsophisticated consumer is capable of basic arithmetic by adding up separate amounts previously identified in the same document. *See Collins v. Sparacio*, No. 03 C 0064, 2004 WL 555957, at *6 (N.D. Ill. Mar. 19, 2004) (determining that the amount of debt claimed in a state court complaint that listed $300.00 due in one paragraph, $300.00 due in another paragraph, and $600.00 sought in the *ad damnum* was not confusing to a reasonable unsophisticated debtor).

In both these implausible scenarios, Plaintiff asks this Court to apply a standard below that of the reasonable unsophisticated consumer, in contravention of Seventh Circuit law. While "[a]ny document can be misread[,] [t]he Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one." *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000). The reasonable unsophisticated

---

[5] Plaintiff does not and cannot assume the difference in amount resulted from interest or fees: the bottom of the letter clearly states that the BAC account balance, like the two Citibank account balances, includes "$0.00" in interest and fees.

10

consumer standard is not the "least sophisticated consumer, who is the "the very lowest rung on the sophistication letter." *Chuway*, 362 F.3d at 949.

If Plaintiff was confused by the collection letter, it was because she applied an illogical reading that would not be applied by a significant fraction of the population. Plaintiff's allegations show not that the letter is misleading, but rather that Plaintiff, assuming *arguendo* that she was actually confused by the letter, is not typical of the reasonable unsophisticated consumer, who can make basic logical deductions and inferences.

### D. Plaintiff Fails to Allege Any Material Misrepresentation.

In addition to failing to plead that the collection letter was plausibly confusing, Plaintiff has not alleged facts showing that the supposed defects are material. When bringing a claim based on Section 1692e, plaintiff must plead that the misleading statements would cause a significant fraction of the population to act differently. *See Hahn v. Triumph P'ships, LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009) ("[The FDCPA] is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)."). Even if a settlement offer is unclear, a plaintiff must "plead facts that show that it is plausible that a reasonable 'unsophisticated consumer' would have done something differently but for the confusing statement." *Marciuleviciene v. Emhurst Lake Apartment, LLC*, No. 12 C 1697, 2012 WL 2374676, at *2 (N.D. Ill. June 21, 2012) (citing *Hahn*, 557 F.3d at 757-58). Under the reasonable unsophisticated consumer standard, "a plaintiff's anecdotal proclamation of

11

being confused will not suffice: a collection letter cannot be confusing as a matter of law or fact 'unless a significant fraction of the population would be similarly misled.'" *Durkin*, 406 F.3d at 415 (quoting *Pettit*, 211 F.3d at 1060).

Here, Plaintiff has not alleged that even *she herself* would have made a different decision but for the allegedly misleading aspects of the collection letter. *See Harrer*, 2012 WL 162281, at *4 (noting in dismissing the complaint that "Plaintiff himself has not alleged that he was confused" by a collection letter and "the reasonable unsophisticated consumer would not be confused either"). Plaintiff makes no allegations that she would have acted differently had the BAC account and the two Citibank accounts all been identified on the tearoff portion of the letter. Nor does she allege that she would have acted differently if the settlement offer had expressly stated that it would settle the debts on all three accounts enumerated at the bottom of the letter.

Indeed, Plaintiff makes no allegations whatsoever that she subjectively did or would have done *anything* in response to the letter actually received, or the hypothetical letter Plaintiff believes should have been sent. Plaintiff includes the generalized statement that the letter is "confusing, internally inconsistent, and misleading to the unsophisticated consumer," Compl. ¶ 17, but does not say what a reasonable unsophisticated consumer would have done. Instead of identifying how or why the letter was misleading, Plaintiff raced to the courthouse on the eve of the expiration of the one-year statute of limitations.

## II. PLAINTIFF'S ALLEGATIONS ARE CONCLUSORY AND MERELY PARROT THE STATUTORY LANGUAGE.

The single count of the Complaint alleges, "Defendants violated 15 U.S.C. § 1692e, by sending a confusing and misleading collection letter," then quotes the language of Section 1692e and subsection (10), without providing any factual support. Compl. ¶¶ 19-20. The only substantive paragraph in the Complaint related to the allegedly "confusing" nature of the letter is paragraph 17, which includes the similarly conclusory statement that "[the letter] is confusing, internally inconsistent, and misleading to the unsophisticated consumer." Compl. ¶ 17. Paragraph 17 then provides a partial description of the letter that does not explain why any of the features described would matter to the reasonable "unsophisticated consumer."

The language in the Complaint merely parrots the statutory language of 15 U.S.C. § 1692e and § 1692e(10). 15 U.S.C. § 1692e provides that "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(10) states that "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is a "violation of this section."

When considering a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to . . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 500 U.S. at 555). This court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Here, the Complaint provides "mere conclus[ions]" and does not include any facts showing that Plaintiff is

13

entitled to relief. *See id.* at 678-79 (citing Fed. R. Civ. P. 8). The Complaint should be dismissed for failing to state a claim that goes beyond quotation of the statute. *See Marciuleviciene*, 2012 WL 2374676, at *2 (determining that a complaint merely reciting the elements of a cause of action under Section 1692e(11) was insufficient under FDCPA); *see also Iqbal*, 556 U.S. at 681 ("It is the conclusory nature of [plaintiff's] allegations . . . that disentitles them to the presumption of truth.").

## CONCLUSION

WHEREFORE, for all the reasons set forth above, Defendant eCAST Settlement Corporation moves this Court for an order dismissing the Plaintiff's complaint against it with prejudice.

Dated: July 1, 2013
    New York, New York

    COUNSEL FOR DEFENDANT
    ECAST SETTLEMENT CORPORATION

By: /s/ Joseph P. Moodhe

    Joseph P. Moodhe
    Courtney M. Dankworth
    Irene J. Hahn
    DEBEVOISE & PLIMPTON LLP
    919 Third Avenue
    New York, New York 10022
    (212) 909-6000

    Rosa M. Tumialán
    DYKEMA GOSSETT PLLC
    10 South Wacker Drive, Suite 2300
    Chicago, Illinois 60606
    (312) 876-1700

## CERTIFICATE OF SERVICE

This is to certify that on July 1, 2013, the foregoing **Memorandum of Law in Support of Defendant eCAST Settlement Corporation's Motion to Dismiss the Complaint** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

I further certify that on July 1, 2013 I caused to be sent a true and accurate copy of such filing via U.S. Mail to the following parties:

Creditors Interchange Receivable Management, LLC
c/o CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

This 1st day of July, 2013.

/s/ Courtney M. Dankworth
Courtney M. Dankworth