**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LISA WINIECKI, | ) | |
| on behalf of plaintiff and a class, | ) | |
| | ) | 13-cv-3461 |
| Plaintiff, | ) | |
| | ) | Honorable Ruben Castillo |
| vs. | ) | Magistrate Sidney I. Schenkier |
| | ) | |
| CREDITORS INTERCHANGE RECEIVABLE | ) | |
| MANAGEMENT, LLC and ECAST | ) | |
| SETTLEMENT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PARTIES' JOINT INITIAL STATUS REPORT**

Pursuant to the Court's standing order, counsel for plaintiff, Francis R. Greene, and counsel for eCAST Settlement Corporation ("eCAST"), Joseph Moodhe, submit the following joint initial status report. Defendant Creditors Interchange Receivable Management, LLC ("CIRM") was served on May 9, 2013 but has not appeared.

**A. Nature of the Case**

1. Bases for jurisdiction, nature of the claims and counterclaims:

    This Court has jurisdiction under 15 U.S.C. § 1692k (Fair Debt Collection Practices Act), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

    Defendant CIRM sent a collection letter to plaintiff on behalf of defendant eCAST. Plaintiff, individually and on behalf of a putative class, claims that the letter is confusing in violation of § 1692e of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Plaintiff seeks statutory damages, attorney's fees, litigation expenses, and costs of suit.

    All parties have been served. Plaintiff served CIRM's registered agent on May 9, 2013. On July 2, plaintiff learned from eCAST's counsel that the business of CIRM had been acquired by a third party, Mercantile Adjustment Bureau, LLC ("Mercantile"). On July 2, 2013, plaintiff mailed a copy of the summons, complaint, and Plaintiff's Motion for Entry of Order of Default (Doc. 20) by

    regular and certified mail to Mercantile's CEO, Jeff Miller, at 6390 Main St., Williamsville, NY 14221.

2.  Major legal issues:

    Whether plaintiff's claim states a claim under Rule 8?
    Whether the letter at issue is, as plaintiff claims, confusing to the unsophisticated consumer?
    Whether the letter at issue violates the FDCPA?
    Whether CIRM and eCAST are entitled to the *bona fide* error defense under 15 U.S.C. § 1692k?
    Whether eCAST is vicariously liable for CIRM's conduct?
    Whether any affirmative defenses raised by defendants are meritorious?
    Whether plaintiff can meet the requirements of Rule 23 for certifying a class?
    Whether plaintiff and any class members have actual damages?
    What amount of damages can be awarded given limitations and caps?

3.  Major factual issues:

    Whether the letter at issue is, as plaintiff claims, confusing to the unsophisticated consumer?
    Whether eCAST is vicariously liable for CIRM's conduct?

4.  Key Authorities: *See* eCAST's memorandum in support of its motion to dismiss (Doc. 26) and plaintiff's response to that motion. (Doc. 29).

**B. Proposed Scheduling Order[1]**

    Deadline to serve Rule 26(a)(1) disclosures: July 30, 2013

    Deadline to amend the pleadings: October 9, 2013

    Deadline to complete fact discovery: January 9, 2014

    Deadline to complete expert discovery:

      Plaintiff to disclose experts by: January 9, 2014
      Defendants to disclose rebuttal experts by: February 10, 2014
      Depositions of experts to be completed by: March 10, 2014

    Deadline to file dispositive motions: April 9, 2014

**C. Trial Status**

---

[1] The proposed schedule is without prejudice to eCAST's view that discovery should be stayed pending determination of the motion to dismiss.

No party has requested a trial by jury.

The probable length of the trial is 3 days.

**D.     Consent to Proceed before a Magistrate Judge**

The parties do not unanimously consent at this time to proceed before a Magistrate Judge.

**E.     Settlement Status**

The parties have discussed settlement in general terms. Plaintiff needs to obtain the size of the class and the defendants' net worth prior to making a settlement demand.

Date:  July 8, 2013

| | |
|---|---|
| s/Francis R. Greene | s/Rosa M. Tumialan |
| Francis R. Greene | Rosa M. Tumialan |
| For plaintiff Lisa Winiecki | For defendant eCAST Settlement Corporation |
| | |
| Daniel A. Edelman (lead trial attorney) | |
| Cathleen M. Combs | Rosa M. Tumialan |
| James O. Latturner | DYKEMA GOSSETT, PLLC |
| Francis R. Greene | 10 South Wacker Drive, Suite 2300 |
| EDELMAN, COMBS, LATTURNER, | Chicago, IL 60606 |
|     & GOODWIN, LLC | 312-876-1700 |
| 120 S. LaSalle St., 18th Floor | |
| Chicago, IL 60603 | Joseph P. Moodhe |
| (312) 739-4200 | Courtney M. Dankworth |
| FAX: (312) 419-0379 | Irene J. Hahn |
| | DEBEVOISE & PLIMPTON LLP |
| | 919 Third Avenue |
| | New York, NY 10022 |
| | 212-909-6000 |

## **CERTIFICATE OF SERVICE**

      I, Francis R. Greene, hereby certify that on July 8, 2013, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which caused a copy of the foregoing document to be sent by electronic mail to the following parties:

Courtney Marie Dankworth
cmdankwo@debevoise.com

Irene Jean Hahn
ijhahn@debevoise.com

Joseph Patrick Moodhe
jpmoodhe@debevoise.com

Rosa Maria Tumialan-Landy
rtumialan@dykema.com

      I further certify that on July 8, 2013 I caused to be sent a true and accurate copy of such filing via U.S. Mail to the following parties:

Creditors Interchange Receivable Management, LLC
c/o Mercantile Adjustment Bureau, LLC
6390 Main Street
Williamsville, NY 14221

                                                            s/Francis R. Greene
                                                            Francis R. Greene