UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------------------ x
                                                                         :
LISA WINIECKI, on behalf of plaintiff and a class,                       :
                                                                         :
                                Plaintiff,      Civil Action
                                                                         :   No. 1:13-cv-03461
    vs.
                                                                         :   Chief Judge Ruben Castillo
CREDITORS INTERCHANGE RECEIVABLE          Magistrate Sidney I. Schenkier
MANAGEMENT, LLC and ECAST SETTLEMENT                                     :
CORPORATION,
                                                                         :
                                Defendants.
                                                                         :
------------------------------------------------------------------------ x

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ECAST SETTLEMENT CORPORATION'S MOTION TO DISMISS

Defendant eCAST Settlement Corporation ("eCAST," and collectively with Creditors Interchange Receivable Management, LLC ("Creditors"), the "Defendants") respectfully submits this memorandum of law in further support of its motion to dismiss Plaintiff's Complaint with prejudice.

### ARGUMENT

**I.    PLAINTIFF HAS ALLEGED NO FACTS SUPPORTING A CLAIM OF ABUSIVE CONDUCT.**

Plaintiff begins the Opposition Brief ("Opp. Br.") with an extended discussion of the "abusive" and "harassing" debt collection practices prohibited by the Federal Debt Collections Practices Act ("FDCPA"), Opp. Br. 2-3, and implicitly attributes such practices to eCAST throughout the brief. This rhetoric is misplaced and distracts from the issue before the Court, as Plaintiff alleges no facts in the Complaint that would be abusive under the FDCPA.

The legislative history of the FDCPA reveals that the harassing conduct prohibited by the statute includes "threats of violence; obscene language; the publishing of 'shame lists'; harassing or anonymous telephone calls; impersonating a government official or attorney; misrepresenting the consumer's legal rights; simulating court process; obtaining information under false pretenses; collecting more than is legally owing; and misusing postdated checks." S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1697, 1698. This list is echoed by 15 U.S.C. § 1692d, which is titled "Harassment or abuse" but not invoked by Plaintiff in attacking Creditors' purportedly confusing letter.

The single FDCPA provision cited in the Complaint that is at issue is Section 1692e, which prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt," without any mention of harassment or abuse. Seventh Circuit case law is clear that "[d]espite the breadth of § 1692e's coverage . . . there are limits to its reach." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). "[A] statement made by a debt collector that is technically false but in no way misleading does not run afoul of § 1692e," and for Section 1692e purposes "a statement isn't 'false' unless it would confuse the unsophisticated consumer." *Id.* (citing *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645-46 (7th Cir. 2009)). As the Seventh Circuit stated in *Wahl*, 556 F.3d at 645-46:

> The "unsophisticated consumer" isn't a dimwit. She may be "uninformed, naive, [and] trusting," *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003), but she has "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences," *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). If a statement would not mislead the unsophisticated consumer, it does

2

> not violate the FDCPA—even if it is false in some
> technical sense.

The thematic refrain in Plaintiff's Opposition that the FDCPA protects against "unscrupulous collectors," "conduct which harasses, oppresses or abuses any debtor," and the "machinations of debt collectors," Opp. Br. 3, is a red herring that baselessly smears the Defendants, while failing to address the grounds of eCAST's motion to dismiss—the lack of actual plausible allegations in the Complaint that could sustain Plaintiff's claim under Section 1692e.

## II. PLAINTIFF RELIES ON AUTHORITY APPLYING A STANDARD REJECTED BY THE SEVENTH CIRCUIT.

In addition to arguing at length the FDCPA's irrelevant protection against harassing conduct, Plaintiff engages in a second tactic of misdirection. Plaintiff's Opposition depends heavily upon cases outside the Seventh Circuit, Opp. Br. 4, 6, 8-9, 11-12, which apply a "least sophisticated consumer" standard for deceptive collections that the Seventh Circuit has affirmatively rejected. *Gammon v. GC Servs. Ltd. P'ship*, 27 F. 3d 1254, 1257 (7th Cir. 1994) (adopting the unsophisticated consumer standard: "It strikes us [as] virtually impossible to analyze a debt collection letter based on the reasonable interpretations of the least sophisticated consumer. Literally, the least sophisticated consumer is not merely 'below average,' he is the very last rung on the sophistication ladder."); *see also Pettit*, 211 F.3d at 1060 ("[W]e have rejected the 'least sophisticated debtor' standard used by some other circuits because we don't believe that the unsophisticated debtor standard should be tied to 'the very last rung on the sophistication ladder.'").

The Seventh Circuit's application of the reasonable unsophisticated consumer standard sets a higher bar for plaintiffs in alleging confusion. Unlike the least

3

sophisticated consumer standard, the unsophisticated consumer standard requires that a "significant fraction" of the population be misled by an allegedly confusing letter. *See Lox*, 689 F.3d at 822 ("[B]ecause we have rejected the 'least sophisticated consumer' standard, a letter must be confusing to a significant fraction of the population."). Cases outside this Circuit cited by Plaintiff that rely upon the "least sophisticated consumer" standard are thus inapposite and should be disregarded.

### III. PLAINTIFF'S CLAIM OF CONFUSION REQUIRES AN IDIOSYNCRATIC READING OF THE COLLECTION LETTER.

Plaintiff argues that a communication that can "plausibly be read in two or more ways, at least one of which is misleading, violates the law." Opp. Br. 4. The cases cited by Plaintiff hold not that a communication that "plausibly" has two meanings violates the law, but rather that a communication that "reasonably" has two different meanings does so. *See, e.g.*, *Nichols v. Northland Groups, Inc.*, Nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 WL 897867, at *4 (N.D. Ill. Mar. 31, 2006) (quoting *Russell v. Equifax*, 74 F.3d 30, 35 (2d Cir. 1996)). Nearly all the cases cited by Plaintiff are from circuits that apply the least sophisticated consumer standard rejected by the Seventh Circuit, *see supra*, and where the level of understanding expected of the least sophisticated consumer is lower than that of the reasonable unsophisticated consumer. The single Seventh Circuit case cited, *Veach v. Sheeks*, 316 F.3d 690 (7th Cir. 2003), is inapplicable to this case. In *Veach*, the defendant sent two different notices to the plaintiff, one of which contained false information. *Veach* does not address under what circumstances a single letter offering a settlement is confusing.

Even if this Court were to accept Plaintiff's proposition that a letter that can reasonably be read two different ways violates the FDCPA, the collection letter sent to

4

Plaintiff lends itself to only one reasonable interpretation of (1) the identity of the current creditor and (2) the nature of the settlement offer. A letter can only be confusing under the FDCPA if, *taken as a whole*, it would mislead the reasonable unsophisticated consumer. *See Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 637 (7th Cir. 2012) (looking at both the front and back of a letter to determine whether it creates confusion); *see also Farley v. Diversified Collection Servs., Inc.*, No. 98 C 2108, 1999 WL 965496 (N.D. Ill. Sept. 30, 1999) (citing *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) and *Keen v. Omnibus Int'l, Inc*., No. 98 C 3947, 1998 WL 485682 (N.D. Ill. Aug. 12, 1998)). When it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it," a court should rule as a matter of law that the letter is not confusing. *Zemeckis*, 679 F.3d at 636 (internal citations omitted).

The reasonable unsophisticated consumer is not a "dimwit"; she has "'rudimentary knowledge about the financial world,' and is 'capable of making basic logical deductions and inferences.'" *Lox*, 689 F.3d at 822 (citing *Wahl*, 556 F.3d at 645). When the letter to Plaintiff is read in its entirety, it is clear that Creditors is offering a settlement of the total debt of $18,745.10 owned by eCAST. Any alternative interpretation requires the interpretive acrobatics in Plaintiff's Opposition, which selectively quotes from the letter while leaving out any mention of the text of the settlement offer or the enumeration of the debts and their corresponding amounts in the list at the bottom of the letter. Opp. Br. 5-11. In short, an idiosyncratic reading is required to claim confusion, and the law is clear that a court will not entertain such a reading. *See* eCAST's Opening Brief ("eCAST Br.") at 9-11; *see also Williams v. OSI*

5

*Educ. Servs., Inc.*, 505 F.3d 675, 679 (7th Cir. 2007) (rejecting a strained interpretation of a letter in favor of the "common sense reading").

### A. The Reasonable Unsophisticated Consumer Would Not Be Confused As To the Identity of the Current Creditor.

Plaintiff argues that "an unsophisticated consumer, or indeed any consumer, who reads <u>Exhibit A</u> to the Complaint in its entirety would be left scratching his or her head as to who the current creditor(s) or owner(s) of the debt is." Opp. Br. 9. The Complaint's claim of confusion strains credulity. The notice as a whole makes it quite clear what it purports to be: an offer being made by Creditors on behalf of eCAST to settle three accounts originally with Citibank and BAC that total $18,745.10. The letter makes it clear that Citibank and BAC were the original creditors (enabling Plaintiff to correlate the accounts and amounts with her records), and that the current owner of these accounts is Creditor's client eCAST. There can be no credible doubt in a reasonable unsophisticated consumer's mind that, if she were to accept the terms of the offer, the three debts she originally incurred with Citibank and BAC would be discharged upon payment of just 30% of the total amount to Creditors on behalf of eCAST.[1] Indeed, the Complaint nowhere even hints that Plaintiff did not understand that is precisely what was being proposed.

The cases Plaintiff cites do not advance her argument, as the letters at issue in these cases contained layers of ambiguity absent from the letter Plaintiff received. *See Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416 (N.D. Ill. Mar. 7, 2013) (Opp. Br. Ex. B) (letter named both a "Client" and a different entity as the "Current Creditor"); *Walls v.*

---

[1] The letter also included the name and phone number of the individual at Creditors who sent the letter.

*United Collection Bureau, Inc.*, No. 11 C 6026, 2012 WL 1755751, at *1 (N.D. Ill. May 16, 2012) (collection letter identified a "Client," a "Current Owner," an "Original Merchant" and "Original Creditor," without explaining the relationship between each); *Braatz v. Leading Edge Recovery Solutions*, No. 11 C 3835, 2011 WL 9528479, at *1 (N.D. Ill. Oct. 20, 2011) (letter identified two entities without specifying that one was the original creditor that no longer owned the debt). While an aggressive creative wordsmith could scour the letter and claim ambiguity, a reasonable unsophisticated consumer would not be confused by the letter sent to Plaintiff as to the identity of the current creditor.

### B. The Nature of the Settlement Offer Is Clear from the Face of the Letter.

Plaintiff concedes that "a consumer reading the letter quickly would think that they are settling obligations totaling $18,745.10," but argues that "[t]hat is exactly what makes the letter confusing, internally inconsistent, and misleading" because "on its face the letter . . . only obligates the sender to release the BAC debt." Opp. Br. 10. Plaintiff's assertion about how a consumer would understand the settlement offer is exactly how the settlement offer was made, and if Plaintiff had accepted the offer, she would have settled obligations totaling $18,745.10, exactly as the letter indicated. Plaintiff's own assertion about the nature of the settlement offer makes clear that the letter was not confusing to her.

Plaintiff fails to address the *amount* of the BAC debt specified in the itemized list at the bottom of the page, instead asserting an absurd interpretation of the letter. "A significant fraction of the population" would *not* understand the letter to mean that paying the requested 70% discounted settlement amount of $5,623.53 would result in a release of

7

the BAC debt alone, which is clearly printed on the bottom of the letter as being only $2,056.19. *See* eCAST Br. 9-11.

As Plaintiff urges and the law requires, the letter should be read "in its entirety." Opp. Br. 9. Yet, her discussion of the settlement offer ignores the body of the letter as well as the enumeration of accounts and amounts at the bottom of the page. The bottom of the letter leaves no question that the BAC account is one of three that has been aggregated into the total sum of $18,745.10, the "Current Balance" printed at the top of the letter as well as the "Total" of the three accounts at the bottom of the letter. The clear statement of the amount of debt associated with each account leaves no room for the reasonable unsophisticated consumer to be confused that the settlement offer will discharge the BAC debt and both Citibank debts, in the total sum of $18,745.10. *See* eCAST Br. 8.

## IV. ALLEGED VIOLATIONS OF § 1692e(10) ARE NOT MATERIAL *PER SE*.

Plaintiff's Complaint alleges one legal claim, violation of Section 1692e of the FDCPA. Under the law of this Circuit, the Plaintiff must allege facts showing materiality in order for a complaint alleging violation of Section 1692e to survive a motion to dismiss. *See* eCAST Br. 11-12; *see also Lox*, 689 F.3d at 826 ("[A] false or misleading statement is only actionable under the FDCPA if it is material . . . meaning that it has 'the ability to influence a consumer's decision.'" (citing *Hahn v. Triumph P'ships*, 557 F.3d 755, 757 (7th Cir. 2009) and *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011))); *Wahl*, 556 F.3d at 645 (rejecting argument that "[i]t is unnecessary to determine whether the unsophisticated consumer would be deceived or misled or confused by the alleged false statement"); *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009) ("The purpose of the Fair Debt Collection Practices Act is

8

to protect consumers, and they don't need protection against false statements that are immaterial in the sense that they would not influence a consumer's decision[.]"). Plaintiff of course has alleged no false statement of fact. But Plaintiff also has pled no facts indicating that the reasonable unsophisticated consumer (nor she herself) would have done anything differently but for the allegedly confusing identification of the current creditor and the nature of the settlement offer.

Plaintiff mischaracterizes Defendant's position by stating that eCAST "argues that the identification of the current creditor is not 'material.'" Opp. Br. 11. eCAST's opening brief demonstrates that the Complaint does not allege any facts, as opposed to conclusory statements, that would meet the materiality requirement at the pleading stage. Plaintiff's Opposition fails to show that the Court should ignore this deficiency.

### A.    Plaintiff's Opposition Improperly Raises a New Legal Claim Under 15 U.S.C. § 1692g.

Plaintiff's Opposition first attempts to avoid the materiality requirement by arguing that the alleged violations are material *per se*, and that no showing of materiality is necessary. Opp. Br. 12. In doing so, however, Plaintiff introduces a new legal claim that is not pled. With regard to the current creditor, Plaintiff argues that failure to identify the current creditor is a violation of Section 1692g(a)—a separate FDCPA subsection that is not cited in the Complaint—and is therefore a *per se* material violation of Section 1692e. In other words, Plaintiff's argument depends on the Court's acceptance of the premise that the letter violates Section 1692g. While the Court will apply the same standard when evaluating whether a letter is "false, deceptive, or misleading" in violation of Section 1692e or "unfair or unconscionable" in violation of Section 1692g, *see* eCAST Br. 7, n.4, Plaintiff did not plead a Section 1692g violation.

An opposition brief cannot be used to correct the pleading deficiencies in a complaint, and Plaintiff should not be permitted to do so here. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss . . . . The plaintiff failed to amend his complaint and cannot now argue a case that was not before the district court."); *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal citations omitted)); *Stricklin v. Jefferson Capital Sys., LLC*, No. 11-CV-201-DRH, 2011 WL 5325735, at *8 (S.D. Ill. Nov. 3, 2011) (denying plaintiff's cross-motion for summary judgment on an alleged violation of § 1692j(a) when the original complaint pled violations of §§ 1692d-1692g). In any event, as addressed above, there is no colorable claim for asserting that eCAST was not the debtholder making the offer to Plaintiff.[2]

### B. An Alleged Violation of 1692e(10) Requires Pleading Materiality.

#### 1. Current Creditor

Plaintiff cites to no Seventh Circuit authority showing that failure to disclose the current creditor is material *per se* on a claim alleging violation of Section 1692e(10). Instead, Plaintiff cites to cases dealing with other, unpled provisions of the FDCPA. *Walls*, 2012 WL 1755751, analyzed whether Section 1692g was violated and does not address the requirements of Section 1692e. Plaintiff's Opposition also relies heavily on cases outside this Circuit dealing with violations of Section 1692e*(11)*, but Plaintiff has

---

[2] Plaintiff has pled no factual allegations in the Complaint that the letter appended to the Complaint is the only communication that was made within the five days following an initial communication as permitted by the statute. 15 U.S.C. § 1692g.

also not pled facts supporting such a violation here. Opp. Br. 11-12 (citing *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012), *Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 248 (E.D.N.Y. 2012), and *Mark v. Christensen & Assoc., Inc.*, No. 09-100, 2009 WL 2407700, at *1 (D. Minn. Aug. 4, 2009)).[3]

Finally, Plaintiff's citation to *Wallace v. Washington Mutual Bank, F.A.*, 683 F.3d 323, 327-28 (6th Cir. 2012) is misplaced. In *Wallace*, plaintiff alleged that the purportedly confusing language "caused her confusion and delay" and detailed the actions she took as a result of the purported confusion, leading the court to conclude that "[g]iven these allegations, plaintiff has sufficiently alleged a material misrepresentation that would confuse or mislead an unsophisticated consumer." *Id.* at 328. No such allegations are made by Plaintiff.

### 2. The Settlement Offer

Though stating that the nature of the settlement offer is "plainly 'material,'" Plaintiff cites to no authority showing that alleging a settlement offer is confusingly worded is *per se* material in the absence of any allegation in the Complaint as to the impact on the reasonable unsophisticated consumer. Opp. Br. 13. The FDCPA does not affirmatively require that the debt collector describe a settlement offer. *See Nichols*, 2006 WL 897867, at *4 ("[T]he FDCPA does not obligate debt collectors to offer settlement on any terms."). The Complaint is defective for Plaintiff's failure to allege what the reasonable unsophisticated consumer would do in the absence of the supposedly

---

[3] Section 1692e(11) requires debt collectors to identify themselves as such in correspondence with customers. The letter to Plaintiff conforms to Section 1692e(11), as it states that "This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector." Compl. Ex. A.

11

confusing language about the nature of the settlement offer. As discussed above, however, the terms of the offer are clear, and there is nothing misleadingly omitted or stated that would materially clarify the offer.

## **CONCLUSION**

WHEREFORE, for all the reasons set forth above, Defendant eCAST Settlement Corporation moves this Court for an order dismissing the Plaintiff's complaint against it with prejudice.

Dated: July 16, 2013
New York, New York

COUNSEL FOR DEFENDANT
ECAST SETTLEMENT CORPORATION

By: /s/ Joseph P. Moodhe
Joseph P. Moodhe
Courtney M. Dankworth
Irene J. Hahn
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

Rosa M. Tumialán
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700

**CERTIFICATE OF SERVICE**

This is to certify that on July 16, 2013, the foregoing **Reply Memorandum of Law in Support of Defendant eCAST Settlement Corporation's Motion to Dismiss** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

I further certify that on July 16, 2013 I caused to be sent a true and accurate copy of such filing via U.S. Mail to the following parties:

Creditors Interchange Receivable Management, LLC
c/o CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

This 16th day of July, 2013.

/s/ Courtney M. Dankworth
Courtney M. Dankworth