MA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA WINIECKI, individually and on behalf of a class of similarly situated persons, ) ) ) Plaintiff, ) ) v. ) ) CREDITORS INTERCHANGE ) RECEIVABLE MANAGEMENT, ) LLC and ECAST SETTLEMENT ) CORPORATION, ) ) Defendants. ) | No. 13 C 3461 Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lisa Winiecki brings this putative class action against Defendants Creditors Interchange Receivable Management, LLC ("CIRM") and eCAST Settlement Corporation ("eCAST") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (the "FDCPA"). Presently before the Court is eCAST's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, eCAST's motion to dismiss is denied.

### RELEVANT FACTS

Plaintiff resides in Northern Illinois. (R. 1, Compl. ¶ 4.) CIRM is a limited liability company ("LLC") organized under Delaware law that does business in Illinois. (*Id.* ¶ 5.) eCAST is a Delaware corporation that does business in Illinois. (*Id.* ¶ 9.) CIRM and eCAST are in the business of collecting defaulted consumer debts originally owed to others. (*Id.* ¶¶ 6, 10.) eCAST specializes in purchasing or acquiring the right to collect bankruptcy debt. (*Id.* ¶ 11.)

Plaintiff asserts that eCAST frequently purchases or acquires the right to collect more than one debt owed by a debtor. (*Id.* ¶ 12.)

Plaintiff asserts that Defendants have attempted to collect several alleged credit card debts she incurred, "if at all," for personal, family, or household purposes. (*Id.* ¶ 14.) Plaintiff asserts, on information and belief, that eCAST became involved with her debts after she filed an unsuccessful Chapter 13 bankruptcy petition. (*Id.* ¶ 15.) On or about May 11, 2012, CIRM, acting on behalf of eCAST, sent Plaintiff a settlement offer letter ("Settlement Letter"), which Plaintiff attached to her complaint. (*Id.* ¶ 16; R. 1-1, Ex. A, Settlement Letter). CIRM's company seal appears in the upper left hand corner of the tear-off portion of the letter. (R. 1-1, Ex. A, Settlement Letter.) Immediately next to that seal, the Settlement Letter states: "RE: Your account with our client ECAST SETTLEMENT CORPORATION and various others." (*Id.*) Immediately below that subject line is: "For/Original Creditor: BAC" followed by the last four digits of Plaintiff's BAC account number and a statement that the current balance is $18,745.10. (*Id.*) The text of the letter, as relevant here, states:

> TAKE ADVANTAGE OF THIS OPPORTUNITY!!
>
> We are offering you a settlement of your total current balance. Upon clearance of the payment below, you will be released from *the above described debt and any further obligations on this account only*. This is a good opportunity but you need to act!
>
> We will accept a payment of $5,623.53 as full settlement, which is a 70% discount, as long as you pay before 05-25-12. It may be possible to extend the deadline under certain circumstances. . . . We are not obligated to renew this offer.

(*Id.*) (emphasis added). The Settlement Letter then provides information on how to make a payment and ends: "Sincerely, Tammy Dibble," followed by a telephone number. (*Id.*) At the bottom of the letter is a chart of three different accounts, each identified by the last four digits of the account number. (*Id.*) The chart indicates that the amount owed on one Citibank account is

2

$13,293.21; the amount owed on the BAC account is $2,056.19; the amount owed on a second Citibank account is $3,395.70; and the total balance owed on these three accounts is $18,745.10. (*Id.*)

Plaintiff alleges that the Settlement Letter is "confusing, internally inconsistent, and misleading to the unsophisticated consumer with respect to (1) who the current creditor or owner of the debt is and (2) what the settlement offer being made is." (R. 1, Compl. ¶ 17.) Plaintiff contends that the offer in the second paragraph of the Settlement Letter only constitutes a 70% discount if it includes all three accounts identified at the bottom of the Settlement Letter. (*Id.* ¶ 17(e).) Plaintiff alleges that this interpretation is inconsistent with the language "the above described debt and any further obligations on this account only," which she contends refers only to the BAC account. (*Id.*)

## PROCEDURAL HISTORY

On May 8, 2013, Plaintiff filed a one-count complaint alleging that Defendants violated Section 1692e of the FDCPA by sending "a confusing and misleading collection letter." (R. 1, Compl. ¶ 19.) On June 25, 2013, Plaintiff moved for entry of default against CIRM for failure to timely appear or answer, (R. 19, Pl.'s Mot. Default), which the Court granted on July 9, 2013, (R. 31, Min. Entry). Plaintiff also moved for class certification. (R. 7, Pl.'s Mot. Certify Class.) Briefing of that motion is pending the Court's disposition on eCAST's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6), which it filed on July 1, 2013. (R. 25, eCAST's Mot.) eCAST argues that Plaintiff's complaint should be dismissed for failure to allege any material misrepresentations with regard to the Settlement Letter, and because her allegations reflect an "idiosyncratic reading of the letter insufficient to state a claim upon which relief may be granted." (R. 26, eCAST's Mem. at 4.) Plaintiff responded, (R. 29, Pl.'s Resp.),

3

and eCAST replied, (R. 32, eCAST's Reply). Plaintiff subsequently moved for leave to cite additional authority, (R. 33, Pl.'s Mot. Leave), and eCAST responded in opposition to the additional authority Plaintiff cited, (R. 35, eCAST's Resp. Add'l Auth.). The Court granted Plaintiff's motion, (R. 36, Min. Entry), and takes the additional authority and eCAST's response into consideration here.

## LEGAL STANDARDS

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the non-movant's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Detailed factual allegations" are not required, but the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A document that is attached to a pleading "is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, when ruling on a Rule 12(b)(6) motion to dismiss, a court must "consider documents attached to the complaint as part of the complaint itself." *Reger Dev., LLC*

4

*v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citing *Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999)). "Such documents may permit the court to determine that the plaintiff is not entitled to judgment" in her favor. *Id.* (citing *Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009)).

## ANALYSIS

The purpose of the FDCPA is to "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Under the FDCPA, a debt collector is liable to a consumer if the debt collector uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA prohibits, *inter alia*, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). The FDCPA requires that a debt collector's written notice to a debtor must include, *inter alia*, the amount of the debt and the name of the creditor to whom the debt is owed. 15 U.S.C. §§ 1692g(1), (2).

Plaintiff alleges that Defendants violated 15 U.S.C. § 1692e by sending a confusing and misleading collection letter. (R. 1, Compl. ¶ 19.) Specifically, Plaintiff alleges that the Settlement Letter is "confusing, internally inconsistent, and misleading to the unsophisticated consumer with respect to (1) who the current creditor or owner of the debt is and (2) what the settlement offer being made is." (*Id.* ¶ 17.) eCAST argues that the identity of the owner of the debt and the terms of the settlement offer are clear from the face of the Settlement Letter. (R. 26, eCAST's Mem. at 6.) eCAST contends that Plaintiff's allegations reflect an "idiosyncratic

reading" of the Settlement Letter, not the interpretation of a reasonable unsophisticated consumer. (*Id.* at 9.) eCAST argues that even if Plaintiff's allegations are true, Plaintiff has failed to allege that the defects in the Settlement Letter are material. (*Id.* at 11.) Finally, eCAST contends that Plaintiff fails to sufficiently plead her claim because her allegations are conclusory and merely parrot the statutory language. (*Id.* at 13.)

To state a claim under § 1692e, a plaintiff must show that the communication "would confuse the unsophisticated consumer." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009). "The unsophisticated consumer may be uninformed, naïve, and trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences." *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (internal citations and quotation marks omitted) (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003); *Wahl*, 556 F.3d at 645). In the Seventh Circuit, "the question of whether an unsophisticated consumer would find certain debt collection language misleading [is] a question of fact." *Id.*; *see also McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 760 (7th Cir. 2006) ("district courts must act with great restraint when asked to rule [on claims brought under § 1692e and § 1692f] on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)"). If the debt collection language "is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer," a court should allow the plaintiff the opportunity to produce extrinsic evidence "to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Lox*, 689 F.3d at 822 (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)). On the other hand, "a plaintiff fails to state a claim and dismissal is appropriate as a matter of law when it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *Zemeckis v.*

*Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) *cert. denied*, 133 S. Ct. 584 (2012) (quoting *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 574 (7th Cir. 2004)).

Plaintiff asserts that an unsophisticated consumer reading the Settlement Letter would be confused as to the identity of the current owner and creditor of the debt because the subject line of the letter states that the letter is in regards to her "account with our client ECAST SETTLEMENT CORPORATION and various others," but immediately beneath is the phrase: "For/Original Creditor: BAC." (R. 1, Compl. ¶ 17.) Plaintiff contends that the "various others" are unspecified and unknown, and that "For/Original Creditor" gives rise to conflicting inferences as to whether BAC is the party for whom eCAST is collecting or the prior owner of a debt who is currently uninvolved. (R. 29, Pl.'s Resp. at 6.) Thus, Plaintiff argues that the Settlement Letter fails to properly identify the owner of the debt for which eCAST seeks collection. (*Id.*) eCAST contends that the Settlement Letter is clearly an offer made by CIRM on behalf of eCAST to settle debt originally owned by Citibank and BAC. (R. 32, eCAST's Reply at 6.) eCAST also contends that the letter included the name and phone number of the individual at CIRM who sent the letter. (*Id.* at 6 n.1.) The signature of Tammy Dibble, however, does not indicate what entity she works for. (*See* R. 1-1, Ex. A, Settlement Letter.) Although the Settlement Letter clearly indicates that CIRM is the entity to which Plaintiff should make a payment, it offers no indication as to whether "ECAST SETTLEMENT CORPORATION and various others" own the debt or whether eCAST and "various others" employed CIRM to collect the debt on behalf of the original creditors who still own the debt. The Court thus concludes that Plaintiff has sufficiently alleged facts that give rise to the inference that an unsophisticated consumer would find the Settlement Letter confusing as to the identity of the owner of the debt.

Plaintiff also contends that the Settlement Letter is confusing as to the terms of the settlement offer because the language "We will accept a payment of $5,623.53 as full settlement, which is a 70% discount," suggests that she will be released from the debt from all three accounts because $5,623.53 is 30% of the total balance of $18,745.10. (R. 29, Pl.'s Resp. at 10.) Plaintiff contends that a prior sentence—"Upon clearance of the payment below, you will be released from the above described debt and any further obligations on this account only."— suggests that she will only be released from the single account with BAC and not the two Citibank accounts because the original creditor and account number that are described above that language refer only to her BAC account. (Id.)

eCAST argues that the tear-off portion that Plaintiff would return with her payment makes clear that the settlement offer settles the sum of $18,745.10, and that any confusion is clarified by the itemization of accounts at the bottom of the Settlement Letter. (R. 26, eCAST's Mem. at 7-8.) eCAST seems to believe that Plaintiff's alleged confusion stems from her belief that $18,745.10 was listed as the total for the BAC account, and the Court agrees that such alleged confusion would be implausible. Plaintiff does not allege confusion as to the amounts listed, however, only as to whether her payment on all three accounts would release her from obligations on all three accounts or if she would still in some way be liable on the two Citibank accounts. (R. 29, Pl.'s Resp. at 10.) Plaintiff contends that the "unsophisticated consumer who 'accepts' this offer will thus pay on the basis of three debts and is likely to believe that he is discharging the total 'Current Balance,' but on the face of the letter the consumer is only entitled to be released from the smallest debt." (Id.) While the Court finds this conclusion to be a stretch, it is not completely implausible, and Plaintiff alleges that there are occurrences of consumers believing that they have settled debts and then being dunned or sued for the same debts. (Id. at

8

10-11) (quoting *Chase Bank USA, N.A. v. Cardello*, 896 N.Y.S.2d 856, 857 (N.Y. Civ. Ct. 2010) ("[O]n a regular basis this court encounters defendants being sued on the same debt by more than one creditor alleging they are the assignee of the original credit card obligation. Often these consumers have already entered into stipulations to pay off the outstanding balance due the credit card issuer and find themselves filing an order to show cause to vacate a default judgment from an unknown debt purchaser for the same obligation."). Plaintiff contends that the confusion created by the Settlement Letter "exposes the consumer to exactly this sort of abuse." (*Id.* at 11.)

eCAST contends that Plaintiff's interpretation that she would have settled obligations totaling $18,745.10 is the interpretation intended, and so she was not misled. (R. 32, eCAST's Reply at 7.) Plaintiff did not state that that was her interpretation, however; she alleged that the language was confusing as to whether that was in fact the meaning of the letter. (R. 29, Pl.'s Resp. at 10.) It is not enough for a collection letter to state the elements required by the FDCPA; it must state the terms of the settlement offer "clearly enough that [an unsophisticated consumer] is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

The unsophisticated consumer might read "this account only" in the first paragraph as pertaining to the BAC account, which is the only "above described account" the Settlement Letter could be referring to. An unsophisticated consumer may not understand that the "above described account" refers to the consolidated account—consisting of three separate accounts— eCAST "and various others" are attempting to collect. A savvier consumer would match the "current balance" listed in the tear-off portion with the total balance of all three accounts at the bottom of the letter and infer that she would, in fact, be released from all three accounts, but the language of the Settlement Letter does not make that obvious. Additionally, the Court is not "to

read the language from the perspective of a savvy consumer, and consumers are under no obligation to seek explanation of confusing or misleading language in debt collection letters." *Lox*, 689 F.3d at 826 (alterations in original) (quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011)). Accordingly, the Court finds it plausible, although just barely, that an unsophisticated consumer may be confused as to what account is being settled if they make a payment of $5,623.53. Defendants could have easily avoided this confusion by specifying precisely which debts Plaintiff would be released from had she accepted the offer rather than referring to the tear-off portion that contained the account name and number of only one account but the total balance for all three accounts.

Finally, eCAST contends that Plaintiff has not alleged facts showing that the supposed defects are material. (R. 26, eCAST's Mem. at 11.) In addition to showing that the language would confuse an unsophisticated consumer, a plaintiff must also demonstrate that the false or misleading statements are material. *Lox*, 689 F.3d at 822 (citing *Hahn v. Triumph P'ships*, 557 F.3d 755, 757-58 (7th Cir. 2009)). A material statement is one that "has the ability to influence a *consumer's* decision." *Id.* at 826 (quoting *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011)) (internal quotation marks omitted). eCAST contends that Plaintiff has failed to show that the alleged defects of the Settlement Letter are material because the complaint does not allege that a reasonable unsophisticated consumer who received the letter would have done anything differently but for her alleged confusion as to the identity of the creditor and the terms of the settlement offer. (R. 32, eCAST's Reply at 9.) Plaintiff does not seek actual damages, however, "only statutory damages, a penalty that does not depend on proof that the recipient of the letter was misled." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). Additionally, the cases eCAST marshals in support of this ground for dismissal are all opinions

on motions for summary judgment. *See, e.g.*, *Lox*, 689 F.3d at 826; *Wahl*, 556 F.3d at 645; *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009). At this stage in the proceedings, Plaintiff need only state allegations that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678. Plaintiff contends that identification of the owner of the debt is material because it is required by statute and because identification of the owner is necessary so the consumer can inquire about the collection efforts. (R. 29, Pl.'s Resp. at 11-13.) Additionally, confusion as to whether a consumer is settling one debt or three is material to her decision to accept the settlement offer or not. The Court is thus able to draw the reasonable inference that the Settlement Letter would materially mislead or confuse an unsophisticated consumer. Accordingly, the Court finds that Plaintiff has sufficiently stated a claim for an FDCPA violation.

While the complaint survives eCAST's motion to dismiss, Plaintiff must now produce extrinsic evidence "to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Lox*, 689 F.3d at 822; *see also Zemeckis*, 679 F.3d at 636; *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999). Before proceeding with a further expenditure of resources, the parties should fully exhaust all settlement possibilities.

## CONCLUSION

For the reasons set forth above, the Court DENIES eCAST's motion to dismiss (R. 25). In light of this opinion, the parties are instructed to exhaust all settlement possibilities. The parties shall appear for a status hearing on March 18, 2014 at 9:45 a.m. Plaintiff's motion for class certification (R. 7) is DENIED without prejudice until the Plaintiff files a new motion for class certification following full class discovery. The parties are authorized to fully complete all class discovery on or before May 30, 2014, if this case cannot be settled.

ENTERED: _____
**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: January 27, 2014**